IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANTONIO BABIN DE JESUS**,
    Plaintiff,

v.

**CONFESOR LASALLE RUIZ**, *et al.*,
    Defendants.

Civil No. 15-2231 (BJM)

**OPINION AND ORDER**

Antonio Babin de Jesus ("Babin") brought this action against defendants Confesor LaSalle Ruiz, Diana Nieves Curbelo, and the conjugal partnership they form, alleging breach of contract, dolo, and duress. Docket No. 1. Babin later added Jamie Alcover ("Alcover") as a codefendant, alleging that Alcover breached a contract. Docket No. 25. Alcover has moved for summary judgment on the issue of whether the Babin's claim against him is barred by the statute of limitations. Docket No. 66 at 1. This case is before me on consent of the parties. Docket No. 33. For the reasons discussed below, Alcover's motion for summary judgment is **GRANTED**.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Calero-Cerezo* v. *U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary* v. *Dalton*, 58 F.3d 748, 751 (1st Cir. 1995). Under Rule 56(a), summary judgement is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Donate-Romero* v. *Colorado*, 856 F.2d 384, 386 (1st Cir. 1988).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El* v. *Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Leary*, 58 F.3d at 751; *Greenburg* v. *P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## BACKGROUND

Except where otherwise noted, the following facts are drawn from the parties' Local Rule 56[1] submissions.[2] The facts giving rise to this case are largely undisputed.

Confesor Lasalle and his wife purchased Babin's stake in Angeles Divinos Home Health Services, Inc. ("Angeles Divinos") for $225,000 in June of 2012. BSUF ¶ 1. The money was to be paid in two installments of $25,000 each, and one balloon payment of $162,000. BSUF ¶ 6. On June 24, 2013, Babin was arrested in Georgia and needed money for a criminal attorney. BRASUF

---

[1] Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, with record support, paragraph by paragraph. *Id.* 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

[2] Babin's Statement of Uncontested Facts ("BSUF"), Docket No. 25; Alcover's Statement of Uncontested Facts ("ASUF"), Docket No. 67; Babin's response to Alcover's Statement of Facts ("BRASUF"), Docket No. 76.

¶ 8. Babin then gave his sister Maria power of attorney in order to give her the ability to renegotiate the sales contract for the shares of Angeles Divinos. ASUF ¶¶ 4, 15. Babin wanted to renegotiate the sales contract because he needed $50,000 for a defense attorney to represent him in his pending trial for drug-related offences. BRASUF ¶ 4. Because Babin was incarcerated at the time, Babin's sister, Maria, acted in his place and hired Alcover to renegotiate the remaining payments from the sale of Angeles Divinos. ASUF ¶ 4–6; BRASUF ¶¶ 4–6.

Alcover contacted LaSalle's attorneys and then told Maria that, if the original contract was to be modified, LaSalle was only willing to pay $50,000 to settle the remaining debt for the sale of Angeles Divinos. BRASUF ¶ 7. Babin believes that Alcover lied to his sister when Alcover noted that the reason that LaSalle was only offering $50,000 was that LaSalle might have to file for bankruptcy in the near future. BRASUF ¶ 15. On October 23, 2013, Maria Babin signed the amended contract, which reduced the remaining monies owed from the sale of Angeles Divinos from $187,000 to $50,000. *Id.* ¶ 18. On the same day, Maria Babin realized that Alcover had "deceived her" because he had also been paid a fee by Confesor Lasalle. *Id.* ¶ 19. Babin was notified of Alcover's conduct two months later. *Id.* ¶ 20. Babin added Alcover as a codefendant in his suit for breach of contract and duress against Confesor Lasalle on June 9, 2017. ASUF ¶ 3.

## DISCUSSION

Babin alleges that Alcover breached his professional services contract and in doing so engaged in fraud. ASUF ¶ 8. Specifically, Babin alleges that Alcover did not protect his client's interests because Alcover "lied" to Babin's sister when Alcover told Maria that Confesor Lasalle would file for bankruptcy. ASUF ¶ 15. Babin alleges that this lie duped Maria into accepting $50,000 from Lasalle in order to settle the debt between Babin and Lasalle. BRASUF ¶¶ 6–8, 15, 19. Alcover contends that this action is actually a claim of attorney malpractice masquerading as a breach of contract claim and therefore is fatally barred by the statute of limitations. Docket No. 66 at 5.

A breach of contract claim and an attorney malpractice claim operate under different statutes of limitations. Under Puerto Rico law, a cause of action for breach of contract consists of

three elements: "(1) a valid contract, (2) a breach by one of the parties to the contract; and (3) resulting damages." *Mega Media Holdings, Inc. v. Aerco Broad. Corp.*, 852 F.Supp.2d 189, 199 (D.P.R. 2012). There is generally a fifteen-year statute of limitations for contract-related disputes. *See* 31 L.P.R.A. § 5294. Conversely, in Puerto Rico, "[p]rofessional malpractice actions are governed by sec. 1802 of the Civil Code, 31 L.P.R.A. § 5141...." *Rosa v. Hospital Auxilio Mutuo de Puerto Rico, Inc.*, 620 F. Supp. 2d 239, 248 (D.P.R. 2009) (quoting *Ortega et al. v. Pou et al.*, 135 D.P.R. 711 (P.R. 1994)). Professional malpractice actions are governed by sec. 1802 "regardless of whether a contract is involved." *Concilio de Salud Integral de Loiza, Inc. v. Feldsman, Tucker, Leifer, Fidell, LLP*, 2018 WL 1183674 (D.P.R. 2018), *appeal filed,* No. 18-1341 (1st Cir. April 23, 2018); *see also Chévere v. Cátala,* 15 P.R. Offic. Trans. 572, 587–588 (P.R. 1984); *Colón Prieto v. Géigel*, 15 P.R. Offic. Trans. 313, 320–321 (P.R. 1984). Article 1802 states that actions deriving from the fault or negligence of an attorney have a one-year statute of limitations. 31 L.P.R.A. § 5298. The year begins when the injured party has both notice of his or her injury and "knowledge of the likely identity of the tortfeasor." *Velazquez v. Schindler Corp. of Puerto Rico*, 968 F. Supp. 2d 475, 477 (D.P.R. 2013).

Accepting as true the allegations that Alcover intentionally deceived Maria Babin, Alcover's conduct still does not amount to fraud in the formation of a contract. Puerto Rico law characterizes fraud, or dolo, as a type of contractual deceit and distinguishes between fraud occurring during the formation of the contract and fraud occurring in the course of performance of the contract. *Dialysis Access Center, LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 378 (1st Cir. 2011). There is fraud in the formation of a contract when by "words or insidious machinations on the part of one of the contracting parties the other is induced to execute a contract which without he would not have made." *P.C.M.E Commercial SE v. Pace Membership Warehouse*, 952 F. Supp. 84, 92 (D.P.R. 1997). Fraud can vitiate consent and thus make a contract invalid. *See* 31 L.P.R.A. § 3404. Alcover was merely Babin's attorney; he was not one of the contracting parties in relation to the renegotiation of the debt obligation between Babin and Lasalle. *See Pace Membership Warehouse*, 952 F. Supp. at 92 (there is dolo in the formation of a contract when by "words or insidious

machinations on the part of *one of the contracting parties* the other is induced to execute a contract which without he would not have made" (emphasis added)). Therefore, he cannot have committed a fraudulent breach of contract.

As Alcover acknowledges, he was under an ethical obligation to protect Babin's interests. *Colon Prieto v. Geigel*, 15 P.R. Offic. Trans. 313 (P.R. 1984) ("The existence of an attorney-client relationship" gives rise duties including "to be skillful and careful; to inform his client about his fees; to protect the interests of his client; to carry out instructions by all proper means; to consult the client on all doubts which do not fall within the attorney's discretion; to keep the client informed on all necessary matters."). However, by breaching this duty to protect his client's interests, Alcover is only guilty of malpractice regardless of whether he had a contract with Babin. *See Concilio de Salud Integral de Loiza, Inc.* 2018 WL 1183674 at *3 (D.P.R. 2018); *Geigel*, 15 P.R. Offic. Trans. at 313. Legal malpractice claims are governed by Article 1802 of Puerto Rico's Civil Code and have a statute of limitations of one year. 31 L.P.R.A. § 5298. Maria Babin knew that Alcover had committed malpractice in October of 2013, and Babin knew that Alcover had deceived them two months later. ASUF ¶¶ 18–20. Alcover was added, via an amended complaint, as a codefendant in this case on June 9, 2017. ASUF ¶ 3. Babin filed his suit against Alcover over two years after the statute of limitations had already run, and thus his claim for attorney malpractice against Alcover is time-barred. As Alcover has shown that there is no genuine dispute over the dates in question, he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## CONCLUSION

For the foregoing reasons, Alcover's motion for summary judgment is **GRANTED** and Babin's claims against him are dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of June, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge